5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARK CRAWFORD, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-00-151 |
| BRUCE CHRISTIAN, in his Individual and | § | (JURY REQUESTED) |
| Official Capacities and | § | |
| SHARYLAND INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| Defendants. | § | |

---

## DEFENDANTS' ORIGINAL ANSWER

---

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW Bruce Christian, individually and in his official capacity, and Sharyland Independent School District, Defendants, and file this their Original Answer and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

1.     Defendants deny all of Plaintiff's allegations except to the extent expressly admitted herein.

2.     Defendants admit to the allegations set forth at paragraphs 1 and 2 of Plaintiff's Original Complaint.

3.     Defendants admit to the allegations set forth at Paragraph 3 of Plaintiff's Original Complaint to the extent and only to the extent that it is alleged that it is a governmental entity and may be served with process by serving the President of the School Board or by serving the superintendent.

**PAGE 1**

4.      Defendants admit to the allegations set forth at paragraphs 4 through 6 of Plaintiff's Original Complaint.

5.      Defendants deny the allegations set forth at paragraphs 7 and 8 of Plaintiff's Original Complaint.

6.      Defendants admit to the allegations set forth at Paragraph 9 of Plaintiff's Original complaint.

7.      Defendants deny the allegations set forth at Paragraph 10 of Plaintiff's Original Complaint.

8.      Defendants admit to the allegations set forth at Paragraph 11 of Plaintiff's Original Complaint to the extent and only to the extent that it is alleged that Defendant Bruce Christian paddled Plaintiff.  Defendants expressly deny that Defendant Bruce Christian paddled Plaintiff on September 23, 1997.

9.      Defendants deny the allegations set forth at paragraphs 12 through 25 of Plaintiff's Original Complaint and specifically deny that Plaintiff has alleged any claim for which relief may be granted or that Plaintiff is entitled to any relief of any kind whatsoever.

## II.
## AFFIRMATIVE DEFENSES

10.      Plaintiff is not entitled to attorney's fees because Plaintiff is not a prevailing party; to the contrary, Defendants herein are entitled to their attorney's fees under 42 U.S.C. § 1983 because Plaintiff's action has no arguable basis in law or fact, is frivolous, and/or is brought in bad faith.

11.      Defendants are entitled to sovereign immunity.  Defendants have not waived their right to sovereign immunity.

CMnPDF - www.fesko.com

12.     Plaintiff cannot recover directly or indirectly from Defendants because the Texas Tort Claims Act and the laws of the State of Texas do not allow Plaintiff's state law claims, and thus Defendants' sovereign immunity has not been waived.

13.     Defendants hereby invoke the statutory limits on liability and damages set forth in the Texas Tort Claims Act, chapter 101 of the Texas Civil Practice and Remedies Code, including those set forth at sections 101.023, 101.024, 101.025, and 101.026 of the Texas Civil Practice and Remedies Code.

14.     Defendants would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth at sections 101.051, 101.055, 101.056, 101.057, 101.062, 101.101, and 101.106 of the Texas Civil Practice and Remedies Code.

15.     Defendants would further assert that Plaintiff's state law claims are expressly barred by sections 101.051, 101.055, 101.056, 101.057, 101.062, 101.101, and 101.106 of the Texas Civil Practice and Remedies Code.

16.     Defendants would further assert that Plaintiff's claims for punitive or exemplary damages are expressly barred by section 101.024 of the Texas Civil Practice and Remedies Code.

17.     Defendants would further assert that they may not be sued and are not liable because they are entitled to immunity, including absolute and/or qualified and/or official and/or judicial and or legislative and/or "quasi-judicial" immunity, from all damages, including tort damages.

18.     Defendants would further assert that any loss or damages allegedly sustained by Plaintiff at the time, place, and occasion mentioned in Plaintiff's Original Complaint were caused, in whole or in part, or were contributed to, by the negligence, want of care, or intentional conduct of Plaintiff, and not by any negligence or fault or want of care on the part of these Defendants, and

**PAGE 3**

CMPDF - www.fastio.com

Defendants would therefore invoke the doctrine of comparative responsibility.

19.     In the alternative, Defendants would show that Plaintiff's suit was not brought within the limitations period authorized under Texas Civil Practice and Remedies Code section 16.003.

## III.
## RESERVATION

20.     Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer if any need be necessary, and as separate defenses, Defendants reserve the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as they may deem proper.  Defendants hereby request trial by jury.

WHEREFORE, PREMISES CONSIDERED, Bruce Christian, individually and in his official capacity, and the Sharyland Independent School District, Defendants herein, pray that upon final trial and hearing hereof, Plaintiff take nothing by his suit, that these Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on October 18, 2000.

**PAGE 4**

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas  78521
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893

By:_____
George C. Kraehe
State Bar No. 00792631
USDC Adm. No. 19355

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANTS' ORIGINAL ANSWER has on October 18, 2000, been forwarded via certified mail, return receipt requested to:

Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas  78520

_____
George C. Kraehe

**PAGE 5**