United States District Court
Southern District of Texas
FILED

FEB 2 0 2001

Michael N. Milby
Clerk of Court

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARK CRAWFORD                    }
                                 }       CIVIL ACTION NO. B-00-151
                                 }
                                 }
vs.                              }
                                 }
                                 }
                                 }
BRUCE CHRISTIAN, in his Individual   }    JURY DEMANDED
and Official Capacities and      }
SHARYLAND INDEPENDENT            }
SCHOOL DISTRICT                  }

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## RULE 12(b)(6) MOTION FOR PARTIAL DISMISSAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Mark Crawford, Plaintiff, and files this his Response to

Defendants' Rule 12(b)(6) Motion for Partial Dismissal. Plaintiff would show unto the

Honorable Court as follows:

### I

### BACKGROUND

Plaintiff brought this action alleging civil rights and other violations. Plaintiff's

grounds for bringing the suit center on an incident where Defendant Christian paddled

Plaintiff at school, causing Plaintiff serious injury. At the outset, Plaintiff acknowledges

that current Fifth Circuit decisions generally prohibit the lower courts from recognizing

that a due process violation can occur in the context of school-related corporal

punishment. Plaintiff respectfully argues, however, that the Fifth Circuit should reconsider

and modify those decisions. In fact, Plaintiff urges that the Fifth Circuit should join the

vast majority of circuit courts and recognize that a substantive due process violation may occur when corporal punishment causes serious bodily harm.

## II

## STANDARD OF REVIEW

A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). A court must liberally construe the complaint in favor of the plaintiff, and must take all facts pleaded in the complaint as true. *Id.* A district court may not dismiss a complaint under rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal*, 197 F.3d at 164 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Section 1357, at 601 (1969)).

## III

## PLAINTIFF'S 1983 CLAIM

### A.   Summary of Current Law

To state a claim under 42 U.S.C. Section1983, a plaintiff must (1) allege a violation of a

right secured by the Constitution or laws of the United States, and (2) demonstrate that a person acting under color of state law committed the alleged deprivation. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Plaintiff alleges that Defendants, acting under color of state law, violated Plaintiff's constitutional right to bodily integrity.

*Ingraham v. Wright*, 430 U.S. 651 (1977), is the seminal case dealing with corporal punishment in public schools. In *Ingraham*, a paddling case, the Supreme Court held that a state's preservation of common-law constraints and remedies satisfied procedural due process requirements. *Id.* at 683. The Court in *Ingraham* did not address whether *substantive* due process rights could be implicated from an incidence of corporal punishment.

Since *Ingraham*, however, the Fifth Circuit has decided that a public school student's constitutional right to maintain bodily integrity is not implicated if injury results from corporal punishment and the forum state affords adequate civil or criminal remedies. *Fee v. Herndon*, 900 F.2d 804, 808 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990). Moreover, courts in the Fifth Circuit consistently hold that the State of Texas affords adequate post-punishment remedies, and therefore that victims of over-zealous educators cannot state a substantive due process violation. *E.g., Moore*, 233 F.3d 871. Under the doctrine of *stare decisis*, this court may thus be required to at least partially grant Defendants' motion. Assuming this court so acts, Plaintiff intends to argue for a modification of existing law in the Court of Appeals.

**B.      Defendants' Violation of Plaintiff's Substantive Rights was Complete at the Time of the Paddling**

A plaintiff may bring three kinds of Section 1983 claims against the State under the Due Process clause of the Fourteenth Amendment. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). First, a plaintiff may sue under Section 1983 for state officials' violation of a right defined in the Bill of Rights. *Id.* Second, the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. *Id.* Finally, the Clause

guarantees procedural due process. *Id.*

A plaintiff may bring claims in the first and second categories regardless of any state tort remedy that might be available to compensate him for the deprivation of these rights. *Id.*; *Monroe v. Pape*, 365 U.S. 167, 183 (1961) (*overruled on other grounds by Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 664-689). The rationale is that, as to these two types of claims, the constitutional violation actionable under Section 1983 is complete as soon as prohibited action is taken. *See Daniels v. Davidson*, 474 U.S. 327, 338 (1986) (Stevens, J., concurring).

In the line of cases culminating in *Fee*, the Fifth Circuit failed to address whether or how *Monroe* applied to its analyses. The portion of *Monroe* upon which Plaintiff relies is still good law. *See Zinermon*, 494 U.S. at 125 (explaining that existence of overlapping state remedies is generally irrelevant to question of existence of cause of action under Section 1983).

Plaintiff, of course, alleges a substantive due process violation. Under Supreme Court precedent, this type of violation is complete at the time it occurs. Therefore, whether the State of Texas affords an adequate remedy should be irrelevant.

**C.    Even Under Current Fifth Circuit Law, State Remedies are Inadequate against Defendant Sharyland Independent School District**

The Fifth Circuit has never closely examined the adequacy of state remedies for corporal punishment that constitutes arbitrary state action. *Moore*, 233 F.3d at 878 (Wiener, J., specially concurring). Instead, courts have simply dismissed Section 1983 claims against school districts and individuals alike, regardless of whether they might be immune from suit. *Id.*

Under Texas law, an independent school district is an agency of the state and,

while exercising governmental functions, is generally immune from suits sounding in tort. *E.g., Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978). The Legislature has waived immunity for certain claims. Tex. Civ. Prac. & Rem. Code Section 101.021 (West, WESTLAW through 1999 sess.). The Legislature has *not* waived a school district's governmental immunity except as to harm arising from use of a motor vehicle. *Id.* at Section 101.051. Local government units, however, are among those persons to whom Section 1983 applies. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Again, courts are consistent in holding that Texas affords students adequate post-injury relief for excessive corporal punishment. *E.g., Fee*, 900 F.2d at 810. In this case, however, Texas affords *no* remedy against a school district for its own culpable conduct.

Plaintiff alleges that Sharyland's own policies, practices and or customs violated Plaintiff's civil rights. State law leaves Plaintiff without redress for these violations. Under these facts, Plaintiff is entitled to Section 1983 relief, at least with respect to Sharyland's violations.

**D.**     **The Fifth Circuit is Alone in its Reasoning**

The issue at bar-whether corporal punishment may give rise to a substantive due process violation-has been considered by a number of circuit courts. Each of those courts reached a result contrary to the Fifth Circuit's. *See, e.g., Metzger v. Osbeck*, 841 F.2d 518, 520 (3d Cir. 1988); *Hall v. Towney*, 621 F.2d 607, 613 (4th Cir. 1980); *Saylor v. Bd. of Educ. of Harlan County, Ky.*, 118 F.3d 507, 514 (6th Cir. 1997); *London v. Directors of DeWitt Pub. Sch.*, 194 F.3d 873, 876-77 (8th Cir. 1999); *Garcia v. Miera*, 817 F.2d 650, 654 (10th Cir. 1987); *Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069.

As Judge Wiener recently pointed out, the Fifth Circuit's isolation on this issue is now total. *Moore*, 233 F.3d at 877 (Wiener, J., specially concurring).

In *Hall*, a paddling case, the Fourth Circuit decided that an incidence of corporal punishment could give rise to a substantive due process claim. 621 F.2d at 613. The court in *Hall*, relying on *Monroe*, reasoned that relief under Section 1983 does not depend on the unavailability of state remedies, but is supplementary to them. *Id.* at 612. The court explained the student's substantive due process right as a "right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning and harmful as literally to shock the conscience of a court." *Id.* at 613.

Plaintiff argues that Defendants' intrusion into Plaintiff's bodily security was both brutal and shocking. Defendant Christian struck Plaintiff with so much force that discs inside Plaintiff's back herniated. Use of such force violated Plaintiff's substantive due process rights, as did Sharyland's policies and practices. The Fifth Circuit erred in *Fee* and similar cases, evidenced by subsequent decisions in other circuits.

## IV

## PLAINTIFF'S COMMON LAW CLAIMS

Defendants argue that Plaintiff's state law claims should be dismissed. The only state law claims Plaintiff asserts, however, are asserted against Defendant Christian in his individual capacity. Plaintiff has never alleged, and does not currently allege, a state law violation by Defendant Sharyland. Plaintiff is well aware that state law affords Plaintiff absolutely no remedies against Defendant Sharyland.

Plaintiff's claims against Christian in his individual capacity, however, are protected under state law. Tex. Educ. Code Section 22.051. Specifically, the Education

Code provides that a teacher is not personally liable for any act that is within the scope of his professional duties, unless the teacher uses excessive force in the discipline of students or negligence resulting in bodily injury to students. *Id.*

Thus, Plaintiff has pleaded common law claims under Texas law.

RESPECTFULLY SUBMITTED,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
(956) 541-4981
Fax (956) 504-3674

By: _____
Michael R. Cowen
S.D. Tex. ID 19967
Texas Bar No. 00795306

## CERTIFICATE OF SERVICE

I, Michael R. Cowen, hereby certify that on this the 20th day of February, 2001, I sent a copy of this response to Defendants' counsel, George Kraehe, by facsimile and regular mail.

By: _____
Michael R. Cowen