

17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARK CRAWFORD | § | |
| | § | CIVIL ACTION NO. B-00-151 |
| V. | § | |
| | § | |
| BRUCE CHRISTIAN, in his Individual | § | JURY DEMANDED |
| And Official Capacities, and | § | |
| SHARYLAND INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |

## PLAINITFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **MARK CRAWFORD**, Plaintiff herein, and files this his Motion for Leave to File and Amended Complaint, and in support thereof would show as follows:

Plaintif seeks to file an amended complaint to more fully set out the facts giving rise to his causes of action. A copy of plaintiff's proposed First Amended Complaint is attached at Exhibit A.

Defendant is not opposed to this moton.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court grant him leave to file his First Amended Complaint.

Respectfully submitted,

MICHAEL R. COWEN , P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
(956) 541-4981
(956) 504-3674 (FAX)

_____
Michael R. Cowen, P.C.
Federal ID No. 19967
State Bar No. 00795306

## CERTIFICATE OF SERVICE

On this the 6th day of March, 2001, a true and correct copy of the above and foregoing Plaintiff's Motion for Leave to File an Amended Complaint was sent to opposing counsel in the manner indicated below:

**By Hand**
Mr. George C. Kraehe
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Tx. 78521

_____
Michael R. Cowen

## CERTIFICATE OF CONFERENCE

I, Michael R. Cowen, spoke to Defendant's counsel, George C. Kraehe, prior to filing this motion. Mr. Krahe informed me that he is not opposed.

_____
Michael R. Cowen

# Exhibit A

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARK CRAWFORD | § | |
| | § | CIVIL ACTION NO. B-00-151 |
| V. | § | |
| | § | |
| BRUCE CHRISTIAN, in his Individual | § | JURY DEMANDED |
| And Official Capacities, and | § | |
| SHARYLAND INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Mark Crawford, Plaintiff, and files this his Plaintiff's Original Complaint. For cause of action, Plaintiff would show unto the Honorable Court as follows:

### PARTIES

1. Plaintiff Mark Crawford is an individual.

2. Defendant Bruce Christian is an individual and a citizen of Texas. He may served with process at his residence, 2002 Anacua Circle, Edinburg, Texas 78539.

3. Defendant Sharyland Independent School District is a governmental entity and a citizen of Texas. It may be served with process by serving the President of the school board, or by serving the superintendent, Dr. Sandra Reed.

### VENUE AND JURISDICTION

4. This Court possesses federal question jurisdiction because Plaintiff is bringing a claim under 42 U.S.C. § 1983.

5. Venue is proper in the Southern District of Texas because all events giving rise to Plaintiff's claim occurred in the district, and because both Defendants reside in the district.

## FACTS

6. On September 23, 1997, Plaintiff was a minor and a student at Sharyland High School.

7. Plaintiff's parents had never given consent for the school to paddle or give other corporal punishment to Plaintiff.

8. On September 23, 1997, Sharyland Independent School District had a policy, practice, and/or custom of paddling students.

9. On September 23, 1997, Bruce Christian was employed by Sharyland Independent School District.

10. Despite this policy, practice, and/or custom, Bruce Christian did not receive proper training in how to paddle a student without causing injury.

11. On September 23, 1997, Bruce Christian paddled Plaintiff. He used a large wooden paddle.

12. When he paddled Plaintiff, he struck him in the back, rather than on the buttocks. He struck him with the edge of the paddle, rather than using the flat side. Christian was unable to control the paddle because he was swinging it too hard.

13. This blow to Plaintiff's back caused severe injuries, including herniated discs at L4-L5 and L5-S1.

14. Upon information and belief, Bruce Christian had improperly hit other children on the back with a paddle. However, even after these prior

incidents, he received no reprimand or instruction on proper paddling techniques.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983

15. Bruce Christian violated Plaintiff's civil and Constitutional rights by striking him in the back with a paddle, by paddling him with such force that he caused serious injury, and by paddling him without parental consent. These violations were a direct and proximate cause of Plaintiff's injuries.

16. A policy, practice, and/or custom of Sharyland Independent School District proximately caused the above-described violation of Plaintiff's civil and Contitutional rights. Specifically, Sharyland I.S.D.'s policy, practice, and or custom to paddle students, to inadequately train students, and, upon information and belief, to paddle students without parental consent.

## SECOND CAUSE OF ACTION

### COMMON LAW ASSAULT AND BATTERY

17. Bruce Christian's paddling of Mark Crawford constituted assault and battery.

18. Plaintiff's consent was ineffective because he was a minor, and his parents did not give consent.

19. In the alternative, Plaintiff did not consent to being struck in the back (rather than the buttocks) or to being struck with such force that he suffered severe injury.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

20. Bruce Christian was negligent in his paddling of Mark Crawford. He was negligent in hitting him in the back, rather than the buttocks, in hitting him with the edge of the paddle, and in striking with too much force. Said negligence proximately caused Plaintiff's damages.

### DAMAGES

21. As a direct and proximate result of Defendants' misfeasance and malfeasance, Plaintiff has suffered, and in reasonable probability will suffer in the future, the following elements of damages:

    a. Medical expenses;
    b. Loss of earning capacity;
    c. Pain and suffering;
    d. Physical impairment;
    e. Mental Anguish.

22. For these damages, Plaintiff seeks to recover one million dollars.

23. Plaintiff also seeks to recover attorney's fees on his civil rights claim.

24. Plaintiff also seeks to recover punitive damages in the amount of one million dollars.

25.　Plaintiff also seeks to recover costs of court, prejudgment interest, and postjudgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and that Defendants be served, and that upon a jury trial in this case, that Plaintiff be awarded $1,000,000.00 in actual damages, $1,000,000.00 in punitive damages, attorney's fees, costs of court, prejudgment interest, and postjudgment interest.

Respectfully Submitted,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
(956) 541-4981
(956) 504-3674 (FAX)

_____
Michael R. Cowen, P.C.
Federal ID No. 19967
State Bar No. 00795306

## CERTIFICATE OF SERVICE

On this the 6th day of March, 2001, a true and correct copy of the above and foregoing pleading was sent to opposing counsel in the manner indicated below:

**Fax No.: 541-1893
& Regular U.S. Mail**
Mr. George C. Kraehe
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Tx. 78521

_____
Michael R. Cowen