19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| MARK CRAWFORD § | |
| § | CIVIL ACTION NO. B-00-151 |
| V. § | |
| § | |
| BRUCE CHRISTIAN, in his Individual § | JURY DEMANDED |
| And Official Capacities, and § | |
| SHARYLAND INDEPENDENT § | |
| SCHOOL DISTRICT § | |

**ORDER GRANTING DEFENDANT'S 12(b)(6) MOTION
FOR PARTIAL DISMISSAL AND CERTIFYING THIS ORDER
FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. SECTION 1292(b)**

On this day the Court considered Defendant's 12(b)(6) Motion for Partial Dismissal. Because this Court is bound by Fifth Circuit precedent set out in *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990) and its progeny, the Court must dismiss Plaintiff's 42 U.S.C. § 1983 claims.

Given the split amongst the circuits on the issue of whether severe corporal punishment gives rise to a 42 U.S.C. § 1983 claim for violation of substantive due process,[1] and Judge Wiener's concurring opinion in *Moore v. Willis Independent School District*, 233 F.3d 871, 877 (5th Cir. 2000), in which Judge Wiener urged the Fifth Circuit to revisit its holding in *Fee v. Herndon*, the Court is of the opinion that this order involves a question of controlling law as to which there is a substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation. Therefore, the Court certifies this order for an interlocutory appeal under 28 U.S.C. § 1292(b).

---

[1] *Compare Fee*, 900 F.2d at 810, *with Metzger v. Osbeck*, 841 F.2d 518, 520 (3d Cir. 1988); *Hall v. Towney*, 621 F.2d 607, 613 (4th Cir. 1980); *Saylor v. Bd. of Educ. of Harlan County*, 118 F.3d 507, 514 (6th Cir. 1997); *London v. Directors of DeWitt Pub. Sch.*, 194 F.3d 873, 876-77; *Garcia v. Miera*, 817 F.2d 650, 654 (10th Cir. 1987).

After reviewing Plaintiff's First Amended Complaint, and considering the arguments made by the parties at the initial pretrial conference, the Court finds that Plaintiff did not allege a state law cause of action against Sharyland Independent School District or against Bruce Christian in his official capacity. The Court finds that Plaintiff only alleged state law claims against Bruce Christian in his individual capacity. Defendant did not move for the dismissal of those claims.

**IT IS, THEREFORE, ORDERED**, that Defendant's 12(b)(6) Motion for Partial Dismissal is GRANTED insofar as it seeks the dismissal of Plaintiff's 42 U.S.C. § 1983 claims. Plaintiffs claims under 42 U.S.C. § 1983 are dismissed. Plaintiff's state law claims against Defendant Bruce Christian in his individual capacity remain pending.

SIGNED this 8th day of MARCH, 2001.

_____
UNITED STATES MAGISTRATE JUDGE