IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
MAY 3 0 2002
CHARLES R. FULBRUGE III
CLERK

No. 01-41191

Summary Calendar

MARK CRAWFORD,

Plaintiff-Appellant,

versus

BRUCE CHRISTIAN, Individually and Official Capacities; SHARYLAND INDEPENDENT SCHOOL DISTRICT,

Defendants-Appellees.

CAB-00-151
United States District Court
Southern District of Texas
FILED
JUN 2 5 2002
Michael N. Milby
Clerk of Court

Appeal from the United States District Court
For the Southern District of Texas
B-00-CV-151

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Mark Crawford appeals the dismissal of his 42 U.S.C. § 1983 claims against Sharyland Independent School District and Bruce Christian for excessive corporal punishment. Crawford argues that excessive corporal punishment is a violation of substantive due process, and should be actionable under § 1983. He acknowledges

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that under our existing precedent his claims are without merit, but he seeks to preserve the issue for further review.

We have consistently held that a public school student cannot state a § 1983 claim for denial of substantive due process based on excessive corporal punishment.[1] The magistrate judge properly dismissed Crawford's § 1983 claims.

It is also well-established that Texas provides adequate state remedies for excessive corporal punishment.[2] Thus Crawford's argument that he should be allowed to proceed against the School District because Texas provides no remedy is foreclosed.

AFFIRMED.

---

[1] *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

[2] *Id.* at 876.